Our next case is docket number 22475. It's called to be Aussie versus United States. May it please the court. My name is Melvina Nathanson. I represent all of the Aussie. You absolutely can keep your mask on. You can see I've kept mine on, but I want to make sure you know that you are free to remove it. I do know that everybody else is taking them off, but I'm a masked person. I just want to make sure you know, unless you have difficulty hearing me, please. Well, you may let you know. Please let me know. OK, thank you. This case basically is about the fact that Mr. Dibiase is serving a 324 month sentence when we argue he should only have been subject to a 120 month sentence. And the difference lies in the fact that he was sentenced as an armed career criminal. In a situation where the court, the district court, made no findings, did not actually make a decision about whether he was an armed career criminal. And that the analysis of the crimes, I'm sorry, the predicate offenses that were the basis of that sentence shows that, in fact, they were not sufficient predicates for that kind of a sentence. Can I just ask, were there any objections made to the PSR? No, there weren't. There were barely any objections made at all. And one of the difficulties, or one of the issues here, and one of the arguments we make in terms of the efficacy of the waiver, the right to appeal, is that there was ineffective assistance of counsel. You're not suggesting that at the time, under the laws that existed then, that these were not predicate convictions? Oh, I'm very much suggesting that, Your Honor. You are suggesting that? Yes. Yes, we are. And the basic problem with the convictions relied on and the law of predicate felonies, violent predicate felonies, is that, in fact, the burglary statutes were broader than generic burglary. Well, let me put it this way. I mean, your view may have been they weren't predicates, but under the laws that existed then, I mean, was there a viable argument that they weren't proper predicates? Yes. Well, I'm not sure if Your Honor is alluding to the fact that the government argues an alternative that if, in fact, the predicates were not enumerated offenses, which I think the government largely concedes, that they could have been deemed predicate felonies under the residual clause. I think they're also arguing, though, that they were listed under the elements clause, that Connecticut, first degree robbery, Florida. Well, the robberies are not, it's our argument that the robberies are not at issue. We have not tried to contest the fact that there was one Connecticut robbery conviction that was cited as a basis. We have not argued that that was an improper basis, but it was only one. And the Armed Career Criminal Act requires three predicates. The other cases in which the government relies were burglaries, and as burglaries, they were not. So the Florida robbery was not at issue. No. It was the Connecticut first degree robbery, Texas burglary of a habitation. And a Connecticut, I have to tell you, Judge, honestly, I get them confused. Makes me feel better. Let me. And New Jersey, New Jersey burglary. The New Jersey, yes. The Florida robbery was also not named as part of this mix. There were three robberies. There were one robbery and two burglaries that were listed in the plea agreement. But so aren't burglaries listed as crimes of violence? Absolutely. On the elements clause. But it has to be generic burglary. And the statutes involved in this case penalized a burglary when there was no intent, criminal intent, or no illegal entry. That's not a generic burglary. Am I wrong in understanding, though, that he admitted to the conduct that formed the basis for these convictions? No. He admitted that he signed a plea agreement which alleged that he had committed these predicate violent felonies by name, not by acts. He never admitted to any of the acts. He was not asked about any of the acts underlying the predicate felonies. The probation department reported with respect to those predicates that they had no information about what actually happened in those cases. So it's strictly based upon the identification of those convictions as burglary convictions. Before you run out of time, I wanted to ask you about the plea waiver on direct appeal. A panel of this court held that it was enforceable. With respect to, yes, with respect to the sentence. With respect to the sentence, yes. Why isn't it law of the case? Why isn't the plea waiver enforceable? We haven't argued that the sentence was illegal because if, in fact, my client was convicted properly or found to have been an armed career criminal, then the sentence was a legal sentence. What we're arguing is that it's his status as an armed career criminal that is at issue. But his status impacts his sentence. And if his status Even when you started off, you said instead of 325 months, it should be 120. It sounds like a challenge to the sentence. No, I cited that because that is the effect of the error in finding him to be an armed career criminal. That is how it damaged him. But that is not, we are not contending that the sentence itself as such was illegal. If, in fact, he was properly an armed career criminal, he was not. Why isn't law of the case controlled? Because this court, we did not pass upon this issue. It's a completely different issue. There was a sentencing issue raised, and we said he's bound by the plea waiver. I can only say again, and perhaps not persuasively, that it is not a sentence issue. It is an issue about the finding, or the implied finding, since there was no finding, that he was an armed career criminal. Again, we're challenging, you know, he, in fact, he pled guilty. He did, in fact, commit this weapons crime. We're not challenging that. The armed career criminal process is actually a sort of a separate in-between proceeding, because it's not part of the plea. A judge is supposed to render a finding later on his own as to whether or not the defendant's an armed career criminal. And that just, that really didn't happen. If it did happen, the judge was wrong. And again, that's what, that's what we're arguing. And therefore, the waiver of the right to appeal the sentence and the conviction is inapplicable. And this court did not ever pass upon that question. And my time is up. The clock is now running backwards. So, I will, unless there's anything further at the moment, I will reserve for the rebuttal. Thank you very much. Thank you, Ms. Nathanson. Mr. Shin. You may please the court. Juan Shin for the United States. Judge Chin, the last set of questions you asked is actually very important to how this court resolves this case, because the analysis will diverge depending on whether the defendant's claim is challenging the conviction. In other words, the 922G conviction, or just challenging the sentence. In other words, the ACCA enhancement. I'll start at the outset by saying that this was litigated in the district court as a claim challenging the sentence. And I can point, I can point the court to some parts of the record. Some of the defendant's initial filings, pro se filings, kind of jumbled up some of the language, spoke of challenging the ACCA conviction, the sentence. However, the defendant later filed an amended 2255, which makes very clear that all he wanted was a resentencing. And that's at pages 321 to 22 of the appendix. Also, the defendant's counsel supplement to the filing makes clear that he was just challenging the sentence and seeking a resentencing. And so the court can refer to pages 340 and 393 of the appendix. As a general matter, I've struggled with this a little bit myself, this armchair criminal. Is that a sort of separate count in the conviction that we treat as a part of the conviction? Or is that sort of more akin to a sentencing factor? Or is it its own thing that's not really either of them? Or does my question not even make sense? I think it's treated as part of the sentence. So in other words, because the defendant qualifies under the ACCA provision, the penalties for his felon in possession conviction are different. But unlike a sentencing guideline factor, it's not advisory. It's separately codified in section, in Title 18, that a mandatory minimum is imposed if the defendant commits a gun crime or a crime of violence on the background of one, two, or three crimes of violence that have to meet the various characteristics. Now, we can't rely on the residual clause. Burglary is one of the crimes typically listed. And then we get into the whole categorical approach, does the prior conviction qualify? We had substantial proceedings with the prior appeal and limited records as to the prior convictions as we were discussing with Ms. Nathanson. And so I feel that there's less room for discretion. And it's more kind of construing the statute as a matter of law. And what was relied on here by the district court in imposing this sentence as an ACCA sentence. And I'm looking for, I'm interested in finding what in the record substantially established that the prior convictions that were related in the PSR qualified not under the residual clause, but under the elements of force clause. Does that make sense as a way of approaching this, or am I misunderstanding something? I think I'm with parts. I think I'm with you, with your honor, in terms of some of what you said. But if I could just specify. So your honor began with, I think the point that perhaps because this is codified in the statute, it's not really the sentence, it's maybe blended into the conviction. It's something between what Judge Robinson was saying, yes. And I would point the court to the Morgan decision, the first Morgan decision. There the court addressed a claim brought by the defendant that his narcotic sentence violated apprendee. So the sentencing penalties under the narcotic statute are similar to ACCA in that the statute codifies something that triggers a higher minimum and maximum, the quantity of the drugs in the case of the narcotics conviction. And so what the court held in Morgan is that even though the defendant was claiming that there was a violation of apprendee, and therefore his enhanced penalties were not properly applied to him, the court said that's still a challenge to the sentence that he waived under the agreement. And so I think under the authority of Morgan, the court needs to view the ACCA enhancement as similarly part of the sentence. In Morgan, was it statutory or was it guidelines? It was statutory, your honor. So as the court knows, B1A, B1B, they enhanced the mandatory minimums and maximums relative to B1C or B1D. But if we were to find out, for example, that records with regard to the Connecticut and New Jersey offenses had been entirely fabricated, that this evidence came to light, wouldn't he be back here challenging his conviction, not the sentence, saying I was convicted of a gun offense that had a mandatory minimum imposed because of this legal error? And that invalidates my conviction generally. It wouldn't be just a, you know, you have to re-sentence me. It would depend on what his claim was. So if he was claiming only that three of my priors do not qualify as violent felonies, then he would presumably be in court saying, therefore, ACCA shouldn't apply. I don't want to take my plea back. I'm still a felon in possession, and I'm guilty of that offense. But I should have been sentenced under a zero to ten years range rather than a 15 to life range. If, however, he was coming back and saying, I don't have any felony conviction at all, therefore I'm not a felon in possession, or I never possessed the gun, or I did not knowingly possess the gun, if he was challenging an actual element of the offense, then he would presumably be here challenging the conviction itself. So this- And I get that, but what I'm still struggling with is when you look at how in this case is unique in that respect. The ACCA piece is part of the plea colloquy. It's a fact that's deemed essential to the plea agreement that gets acknowledged as a fact. Those all look like elements of a conviction. Like there's ways in which this armed career felon in possession looks and acts like another count almost of the underlying conviction. And then there are ways in which it looks like an enhancer to the sentence, and that's what I'm sort of struggling with. Well, I think the court can look, in addition to the Morgan case to which I referred, which I think is quite analogous because there the enhanced penalties are codified in the statute. And much of what Your Honor just said would apply equally there. Well, under Apprendi, he has to admit or a jury has to find the various higher quantity levels and therefore trigger the enhanced penalties. And so Morgan, I think, resolves that issue. The court can also look to what relief is he seeking. So is he seeking to upset the conviction? In other words, does he want the court to vacate the plea and therefore be put back in the pretrial stage, being subject to basically reviving the prosecution and the many counts that initially were charged and the possibility of additional charges that the government forewent in the plea agreement? Or is he just saying, just vacate my sentence and remand and tell the district court on the felon in possession count, it's a 0 to 10 range. And so those are two claims. And the defendant here in the district court made clear that all he wanted was a resentencing. He didn't want to take his plea back. And just to further confirm that point, the defendant's motion for a certificate of appealability in this court, and that's at docket 17 of this court's docket, says I want a COA so that the court can vacate my sentence. He never says I want my plea back, vacate the felon in possession. And so the defendant should be held to the claim that he presented and that on which he sought the COA. And the reason why this conviction versus sentence issue is relevant to the waiver issue is that if a defendant is challenging his conviction, then under the plain terms of the appeal waiver in this case, that waiver only applies to a challenge to a sentence. It doesn't apply to a challenge to a conviction. And this court has already held that in the Hernandez case that's cited in our brief. And so an appellate waiver that waives a challenge to a conviction does not bar a, sorry, let me start that sentence over. An appellate waiver that by its terms waives a challenge to a, quote, sentence, does not bar a defendant from bringing an appeal or a challenge to a conviction, just by its terms. And that's what Hernandez recognized. And we don't dispute that. That's the law in this circuit. And so if the defendant were challenging his felon in possession conviction, the appeal waiver would not apply under Hernandez. However, I think a fair reading of the defendant's arguments in the district court, a fair reading of the defendant's arguments in the motion for a certificate of appealability, they make clear that all he's challenging is the sentence and not the conviction. And that's evident not just from the papers, but it also makes perfect sense in light of what the defendant received in the plea bargain. If he challenged his conviction and got that vacated, he would be back in court facing numerous charges, including potentially several 924C counts that have multiple consecutive mandatory minimums. And so he bargained away that risk. He bargained away his right to appeal the sentence in exchange for getting rid of a lot of that sentencing exposure and limiting his potential sentence. And so we submit that the defendant should be held to his claim that he's just challenging the sentence and, therefore, the waiver applies. Now, I say I've already consumed my time addressing the Court's questions on this point. If the Court likes, I could address the categorical approach questions, because they are thorny. Sure, go ahead. Okay. We'll give Ms. Nathanson some time to respond. All right. So just on that point, because I know the categorical approach, it's confusing for all lawyers and judges, I think, at various points, which, by the way, is another reason why the waiver should be enforced. So here, at the time in 2014, there were three predicates referenced in the plea agreement and referenced in the PSR. The Connecticut robbery. And so that, under prevailing precedent at the time, was a violent felony under the force clause. I don't think the defendant disputes that. The second was New Jersey burglary. So at the time, so remember, this is the plea in 2014. At the time, this Court had held, in a summary order, that that New Jersey burglary conviction does not qualify under the enumerated offenses clause. It did not address, though, the residual clause in that case. That was the Carter case cited in our brief. However, at the time, there was law from other circuits which said that New Jersey burglary qualifies under the residual clause. And that's the Thomas case out of the Fourth Circuit cited in our brief. In addition, this Court had held that New York burglary qualified under the residual clause. And the Supreme Court had held, in the James case, that Florida burglary qualified under the residual clause. So the state of the law at the time was, even if burglary does not qualify under the enumerated offenses clause, it likely qualified under the residual clause. But don't, I mean, what's interesting about this, we're talking about burglary as if it means the same thing everywhere. Don't you have to still look at what burglary means in Texas and New Jersey, what not, to understand whether or not that case law from other states tells us anything about the state of the law as to that burglary conviction? That's absolutely right, Your Honor. You have to look at the specific statute at issue. However, at the time, the residual clause was interpreted quite broadly because, of course, it only speaks of the risk. The risk of physical force or the risk of harm. And so at the time, the New Jersey burglary statute was likely to be deemed qualifying under the residual clause in light of the broad interpretation that existed. And in fact, another court of appeals, Thomas, held that this particular New Jersey burglary statute did qualify under the residual clause. And this court had not addressed that particular question, but there was persuasive authority from another court of appeals. And then lastly, the Texas burglary of a habitation statute. So there, there was a circuit split at the time on whether it qualified under the enumerated offenses clause. So the Bonilla case out of the Fourth Circuit says it does qualify. The Constant case out of the Fifth Circuit says it does not. So there was a split, but neither of those cases addressed the residual clause. And the argument that I just made about why the Supreme Court and the Second Circuit had already broadly interpreted the residual clause as to other burglary statutes, made it likely that this particular statute would qualify also under the residual clause. But if the Texas statute didn't require an unlawful entry, wouldn't that potentially distinguish the analysis not only under the enumerated offenses, but under the residual clause in a way that, at a minimum, would create an obligation of counsel to try to sort it out, and B, not enable us to say that the law was established as to the qualification of that offense? Two points, Your Honor. One, again, I think under the broad interpretation of the residual clause at the time, it's unlikely that whether that intent was formed at the time of entry or formed upon, after one had entered the building and then remained with that intent, it's unlikely, given the broad interpretation of the residual clause, that that particular timing of when that intent was formed would likely make a difference as to whether the risk of harm existed. So that's one point. Second is, the point Your Honor is making, of course, is something that the Supreme Court ultimately rejected later, as we explained in our brief. And so this is actually a point, this goes to a point that the defendant ultimately is making, is while the counsel should have made this argument back in 2014, because we would have gotten in before the state of the law was corrected. So in other words, there was a window of time in which we would have benefited from an erroneous interpretation of the law, and therefore counsel was ineffective for failing to make that argument. But the Supreme Court and this Court have recognized that's not a proper basis for an ineffective assistance claim. You don't get to say my counsel was ineffective because he didn't make this argument that we would have gotten away with during this window of time, even though eventually that argument was rejected by the Supreme Court. And so as we note in our brief, the Supreme Court ultimately rejected that point about whether the generic status of a burglary depends on the point at which that intent is formed. And the Fifth Circuit en banc, then applying that case and others, said we were wrong about, we were wrong in Constant in holding that it doesn't qualify under the Enumerated Offenses Clause. Turns out it does. And so that point is important for the ineffective assistance claim. And then finally, the Florida robbery statute, which we cite in our brief, although that wasn't relied on at the time of the plea, it goes to this Court's analysis of prejudice under Strickland. In other words, can we really say that the defendant suffered prejudice from one of his predicates potentially being knocked out, given that he has another predicate that would have subbed in if it had properly been invoked at the time? And the Florida robbery statute is clearly a violent felony under the Elements Clause, as the Eleventh Circuit has held repeatedly and as the Supreme Court ultimately held in Stokely. Thank you. Anything further from my colleagues? Thank you very much. Appreciate it. Thank you. Ms. Nathanson. Thank you. First of all, I don't, there was no need to spend a great deal of time on whether or not the defendant's attacking his plea. He was not attacking it in the district court, and he is not attacking it now. So that's out of the case. I had imagined that the upshot of an ineffective assistance of counsel claim, the relief for the ineffective assistance of counsel claim then would not be to vacate the conviction, but would be to resentence. Is that the? Let me answer that with a slight digression. The defendant filed a habeas corpus and asked to be resentenced, and asked to be resentenced. I would note that that's what the statute 2255 has called the motion for resentence. I'm not sure, you know, if there's any other way of putting it. But the resentence is a remedy. It's not the illegality. The illegality is the status finding that he was an armed career criminal. And that's, you know, that's the point I may not have been able to make earlier. This is kind of in the middle, and as I think Judges Carney and Robinson were saying, it's not a plea, it's not part of the plea, it's not part of the sentence. It's something a little different. So. What I'm struggling with, though, is from the government's perspective, the armed career, the felon in possession armed career criminal piece was integral to the plea agreement, as I understand it. And so it seems as though. And I sort of struggle with that. I'm not sure that I tried to argue in the brief that, in fact, the defendant was never really advised or explained. What is this? What is this career criminal act stuff? And how does it work? And I don't want to I don't have to go through that. I hope again. It's in the brief. I'm not sure it's fair to say it's an integral part of the plea. It's an integral. It was part of the plea agreement. It was stated in the plea agreement. I agree. But I don't think that it therefore that in any way the defendant for them conceded. Oh, yes. This is this is part of the plea. I'm I'm admitting my guilt of this as part of the plea. I don't think I mean, we're having. He did in the plea agreement acknowledge the prior convictions that were the subject. That's right. He didn't. And he was convicted of things in the past. There's no question about that. The question is whether or not they're properly characterized as violent predicate felonies for purposes of the ACCA. And that he did not explicitly acknowledge. And as I said, I've tried to try to explain the brief that he really didn't have the tools to make that acknowledgement or not make that acknowledgement. It's I hope I answered your question, Judge, because I'm not sure I can remember it now. I apologize for that. My mind's moved on as well. So I either you did or I or it flew my mind. But so but I want to talk a bit about about the sort of the merits of the claim with respect to his status. The government there was no finding by the district court. The district court at no point said I find that because the defendant was convicted of New Jersey burglary, New Jersey robbery, Texas, whatever. Therefore, he is an armed career criminal. Everybody just assume that that was the case. I don't think it's fair to rely on the probation department as having made such a finding. That's just not their job. So what they. The convictions were all reviewed at the plea. They were they were named. I understand. But they're named. And the district court makes his findings as to what the range is. But even if he doesn't say, you know, under ACCA, it certainly is implicit in his findings. He's accepting the calculation. That's that's right. But because he didn't say this is a you know, this is to be considered. This is to be considered. I think that we have to assume that the basis for the ACCA sentence was the charges that were listed in the pre-sentence in the plea agreement. Because that was. The only. I agree with that. Okay. So by the time you get to sentencing, the fourth conviction comes into play and it is there. And at that point, they didn't think they needed it. It's there is a matter of history, but it's not. There is part of the finding that justifies. I don't think I don't think that should happen in the Second Circuit. I mean, what we're we're hoping that there will be a remand for resentencing for resentencing based on a correct status. And at that point, you know, that's that's that's for another court, at least in the first instance. But the reliance on the residual. I'm sorry. And the correct status would mean a reevaluation of the three predicate crimes based on current law as it stands now. Plus possibly the submission of documents regarded the particulars of those offenses. And what exactly do you envision? Well, what I envision is what I'm what we would like to see is for this court based upon the record, the arguments to find that, in fact, the defendant was not properly found to be an armed career criminal and remanded. And at that point, if the parties, if the government wants to renew the. The argument or whatever, I just that's that's for a later day. But right now we're just arguing that the finding the imposition of a sentence based on the status is simply wrong. So I don't understand why that doesn't amount to withdrawal of the plea. If this court determines that that a finding to that effect would require the withdrawal of the plea. Then I think that it would be since the defendant hasn't asked for that. And since, in fact, as the government says, and as they said, in order to forestall the defendant from making his claim at the in the district court. If you do that, we'll find that you reach the agreement. And here are all these horrible consequences. I think that whether or not that result would be required should be determined with an opportunity. For the defendant and an attorney to consult. And that should happen in the district court as well. I think to have that happen here for this court to say, OK, we're vacating the plea when the defendant hasn't asked for that relief. When it has consequences would would be inappropriate. I did want to just mention briefly again for the same sort of reason, since we don't have any specific findings. But all that we have is the plea agreement and some of the comments that were made during proceedings. That thinking at this level about the residual clause as a basis for supporting the finding of the ACCA status would be inappropriate. This is a new argument made in this court, not made in the district court. It's very clear at the time of the entry of the plea, at the time of all the proceedings and the sentence that the government was relying on. I thought that the significance of the residual clause was more in evaluating whether the lawyer's conduct at the time fell short of the applicable standard. And the fact that the residual clause was waiting in the wings would be a factor in evaluating that. Am I misunderstanding that? I'm not sure if that's the government's contention in justifying it. We haven't, I haven't approached it that way. I think that we have, I did talk about the applicability of the residual clause as a backup argument. And I think that the attorney had basis for contesting that as well because of the pending litigation, the case that had actually argued in the Supreme Court on that question, the residual clause, the Johnson case. So it was not, if the residual clause were to come up, there were definitely arguments that could be made against using the residual clause. I think I've overstayed. I appreciate the court's consideration in allowing both of us to speak at somewhat greater length than we were entitled to. Thank you. Thank you both. Appreciate your thoughtful arguments. Take it under advisement.